[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11744
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01080-JHH


LESIA A. ROSE,

                                                          Plaintiff-Appellant,

                         versus

WAL-MART STORES EAST, INC.,
d.b.a. Wal-Mart Store #2111,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 16, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Lesia Rose, an African-American woman, appeals from the district court's

grant of summary judgment in favor of Wal-Mart Stores East, Inc. ("Walmart") in

her retaliation and employment discrimination suit under 42 U.S.C. §§ 1981 and 2000e-3.  On appeal, Rose argues that: (1) she presented a prima facie case for retaliation, because Walmart treated her less favorably than similarly situated employees who were disciplined for acts of dishonesty; and (2) the district court erred in concluding she had not presented evidence that Walmart's reason for firing her was a pretext for committing unlawful retaliation.  After careful review, we affirm.[1]

We review <u>de novo</u> summary judgment rulings, viewing all evidence in the light most favorable to the non-moving party.  <u>Owen v. I.C. Sys., Inc.</u>, 629 F.3d 1263, 1270 (11th Cir. 2011).  To obtain a reversal of a judgment that is based on multiple, independent grounds, the appealing party must convince the appellate court that every stated ground for the judgment is incorrect.  <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 680 (11th Cir. 2014).

The party moving for summary judgment bears the initial burden of establishing the absence of a dispute over a material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party, who may not rest upon mere allegations, but must set forth specific facts showing that

---

[1]  Rose also asserted a race discrimination claim under 42 U.S.C. § 1981, but the district court dismissed it with prejudice.  Because she does not challenge that on appeal, any claim in this respect is abandoned.  <u>Carmichael v. Kellogg, Brown, & Root Serv., Inc.</u>, 572 F.3d 1271, 1293 (11th Cir. 2009) (holding that issues not briefed on appeal are deemed abandoned).

there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

Title VII and § 1981 prohibit employers from taking adverse actions against employees in retaliation for their opposition to statutorily prohibited racial discrimination.  See 42 U.S.C. § 2000e-3(a); CBOCS West, Inc. v. Humphries, 553 U.S. 442, 446 (2008).  A plaintiff may establish a claim of retaliation under Title VII by direct or circumstantial evidence, and when a plaintiff only produces circumstantial evidence, a court may use the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See  Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010).  In order to establish a prima facie case for retaliation, a claimant may show that (1) she engaged in a statutorily protected activity, (2) she suffered a materially adverse action, and (3) there was a causal relation between the protected activity and the adverse action. See Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008).  This Court construes the causal link element of a prima facie retaliation claim broadly, so that the plaintiff merely has to prove that the protected activity and the adverse action are not completely unrelated.  Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998).

Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the protected activity and the adverse

3

employment action were not wholly unrelated. Shannon v. Bellsouth Telecommunications, Inc., 292 F.3d 712, 717 (11th Cir. 2002). We have held that a three-month interval between the protected activity and termination is too attenuated, as a matter of law, to satisfy the causation element of a retaliation claim. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

A prima facie formulation is flexible, however. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). In other contexts, particularly those involving race discrimination, the plaintiff may show that she and a comparator are "similarly situated in all relevant respects" in order to make a valid comparison as part of her prima facie case. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Further, in determining whether employees are similarly situated in cases involving disparate discipline, we ask "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Burke-Fowler v. Orange Cty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006) (quotations omitted). The quantity and quality of the comparator's misconduct must be "nearly identical" to the plaintiff's misconduct, in order "to prevent courts from second-guessing employers' reasonable decisions." Id. (quotations omitted). If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present. Holifield, 115 F.3d at 1562.

4

The record here reveals that Rose has failed to show a causal connection between her protected activity and her termination. While Rose did show that a Walmart official knew of her protected activity at the time she was terminated, Rose did not present evidence that the decision to terminate her and her protected activity were related. Additionally, the record shows she last engaged in protected activity <u>seven months</u> prior to her termination, when she filed two pro se discrimination lawsuits. Thus, she has not presented evidence sufficient to establish a causal connection.

To the extent Rose sought to make out a prima facie case through evidence of dissimilar treatment, she also failed. Evidence failed to establish that the non-protesting employees with whom Rose compares her treatment were similarly situated in all aspects, or that their conduct was of comparable seriousness to the conduct for which she was discharged. <u>Burke-Fowler</u>, 447 F.3d at 1323. While Rose admitted to falsifying her arrival time in the online computer system on multiple occasions, she identified no other employee accused of the same conduct, and thus failed to show a non-protesting, similarly situated employee who was treated differently. <u>Id</u>.

In any event, even if Rose had established a prima facie case of retaliation, Walmart has presented a legitimate, non-retaliatory reason for terminating her. When a plaintiff establishes a prima facie retaliation case, and the employer

5

articulates a legitimate, non-retaliatory reason for the challenged employment action, the employee must show by a preponderance of the evidence that the legitimate reason offered by the employer was only a pretext for retaliation. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). The inquiry at this stage asks whether the plaintiff has produced "reasons sufficient to allow a reasonable factfinder to determine that the defendant's proffered legitimate reasons were not what actually motivated its conduct." Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253, 1258 (11th Cir. 2001) (quotations omitted). To demonstrate pretext, a plaintiff must show that the defendant's proffered reason is false, and that the true reason was retaliatory. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

Here, Walmart proffered a legitimate, non-retaliatory reason for terminating Rose: Rose falsified her arrival time. Rose admitted to this, and Walmart's store manager testified that falsification of company records was an immediately terminable offense. Moreover, Rose has failed to present any evidence rebutting this reason. Accordingly, the district court did not err in granting summary judgment on Rose's retaliation claims.

**AFFIRMED**.